**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

WILBUR JOHNSON,  :
:
      Plaintiff,  :
:
      v.  : Civ. No. 17-1225-RGA
:
MICHAEL S. PURZYCKI, et al.,  :
:
      Defendants.  :
:

---

Wilbur Johnson, Wilmington, Delaware. Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

December \ , 2017
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Wilbur Johnson, commenced this civil rights action on August 28, 2017. (D.I. 2). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

On July 17, 2017, Defendant City of Wilmington, filed a writ of monition to recover payment of owed taxes and assessments and naming Plaintiff and Delores C. Johnson as Defendants. (D.I. 2 at p.10-14). The case is filed in the Superior Court of the State of Delaware in and for New Castle County, *City of Wilmington v. Johnson*, C.A. No. N17J-05456. Plaintiff alleges that Defendants through false facts, fraud, trickery, deceit, harassment, color of law, extortion, malfeasance, and a "diabolic systematic" scheme, are unconstitutionally depriving Plaintiff and his family of their property in violation of the Constitution and numerous laws. (D.I. 2 at 5). Plaintiff states that he is in the process of trying to sell the property and that the City is attempting take his family property without due process and equal access to the courts. The Court takes judicial notice that the real property at issue was sold at a Sheriff Sale on October 10, 2017, and that Plaintiff was advised of the sale. *See* C.A. No. N17J-05456, at BL-11. The state case remains pending and, to date, there has been no transfer of deed.

Plaintiff seeks compensatory and punitive damages, as well as injunctive relief to stay the Court action.

SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening

provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir.

2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must

accept all factual allegations in a complaint as true and take them in the light most

favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d

Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro

se*, his pleading is liberally construed and his complaint, "however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a

court may dismiss a complaint as frivolous if it is "based on an indisputably meritless

legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.

*Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant

to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6)

motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before

dismissing a complaint or claims for failure to state a claim upon which relief may be

granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant

2

Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must lead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not well-pleaded factual allegations; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## ABSTENTION

Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). The Court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d 785, 786 n.1 (3d Cir. 1994). Under

3

*Younger*, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances.[1] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). Abstention is appropriate only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions.[2] *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

The Court takes judicial notice that the monition proceeding remains pending in the Superior Court. The relief sought by Plaintiff includes injunctive relief to stay the State matter. The *Younger* elements have been are met and none of the exceptions apply. First, there are prior pending state court proceedings that directly relate to Plaintiff's dispute. Second, Delaware has an important interest in resolving real estate tax and lien issues, and a ruling in the Superior Court proceeding implicates the important interest of preserving the authority of the state's judicial system. *See, e.g.*,

---

[1]The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings and has been extended to civil cases and state administrative proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

[2]Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

4

*Greg v. Pagano*, 287 F. App'x 155 (3d Cir. 2008) (court abstained under *Younger*

doctrine where plaintiffs sought a declaration that the judge was not authorized to nullify

transfer of title and for an order enjoining the sheriff from conducting a sheriff's sale);

*Shipley v. New Castle County*, 2008 WL 4330424 (D. Del. Sept. 19, 2008) (finding real

estate tax and lien issue proceedings important state interests under *Younger* doctrine);

*Prindable v. Association of Apartment Owners of 2987 Kalakaua*, 304 F. Supp. 2d

1245, 1262 (D. Haw. 2003) (finding foreclosure and ejectment proceedings important

state interests under *Younger* doctrine). Finally, Plaintiff has an adequate opportunity

to raise his constitutional claims in state court, and the Delaware Supreme Court is an

adequate forum for review of Plaintiff's constitutional claims. Accordingly, pursuant to

*Younger* and its progeny the Court must abstain. *See Pennzoil Co. v. Texaco, Inc.*, 481

U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs

failed to raise their federal claims in the ongoing state proceedings).

## CONCLUSION

For the above reasons, the Court will abstain from this matter under the *Younger*

abstention doctrine.

An appropriate order will be entered.